IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| **DONALD TROY HORTON,**<br><br>                    **Plaintiff,**<br><br>     **vs.**<br><br>**STATE OF UTAH, MICHAEL CORTEZ, UTAH HIGHWAY PATROL, UTAH DEPARTMENT OF PUBLIC SAFETY, GOVERNOR OF UTAH and MDQ TOWING,**<br><br>                    **Defendants.** | **MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT**<br><br>**Case No.  2:26-cv-00617**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court is pro se Plaintiff Donald Troy Horton's ("Mr. Horton") complaint.[1] Mr. Horton has been permitted to temporarily proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens his pleading.[2] Accordingly, the court now screens Plaintiff's complaint and reviews the sufficiency of Mr. Horton's pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Mr. Horton to file an amended complaint no later than August 11, 2026.

---

[1] ECF No. 1, Complaint.

1

## BACKGROUND

Mr. Horton names the State of Utah, Michael Cortez, Utah Highway Patrol, Utah Department of Public Safety, Governor of Utah and MDQ Towing as Defendants (collectively, "Defendants").[3] As best the court can discern, Mr. Horton's complaint alleges "sovereign rights violation[s]" of the 1st, 2nd, 4th, 5th, 8th, 9th and 14th amendments against Defendants.[4]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[5] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[6] Under that standard, the court "look[s] for plausibility in th[e] complaint."[7] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[8]

---

[2] ECF No. 4, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

[3] *See generally,* ECF No. 1.

[4] *Id.*

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[8] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (other quotations and citation omitted) (second and third alterations in original)).

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[9] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[13] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[14]

In analyzing Mr. Horton's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[15] However, it is not "the proper function of

---

[9] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 557) (alteration in original).

[12] *Id.*

[13] *Twombly,* 550 U.S. at 555.

[14] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[15] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

the district court to assume the role of advocate for the pro se litigant,"[16] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[17] Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[18]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[19]

## **ANALYSIS**

Under the foregoing standards, the court concludes that Mr. Horton's complaint fails to satisfy the minimum pleading requirements to state a claim for relief.[20]

First, Mr. Horton must establish this court's jurisdiction. Neither in the complaint nor on his civil cover sheet, does Plaintiff address the basis for this court's jurisdiction over his

---

[16] *Id.* at 1110 (citation omitted).

[17] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[18] *Bellmon,* 935 F.2d at 1110 (quotations and citations omitted).

[19] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[20] Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

claims.[21] Federal district courts are courts of limited jurisdiction and may only exercise authority where Congress has conferred jurisdiction, through either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332[22]. Mr. Horton does not assert federal question or diversity jurisdiction and it is his burden to so.[23]

Second, Mr. Horton fails to provide any coherent factual allegations that could support a claim against Defendants. Plaintiff has "the burden of alleging sufficient facts on which a recognized legal claim could be based."[24] Without any clear factual allegations, the court is unable to draw a reasonable inference that Defendants have engage in unlawful conduct that is alleged. Specifically, Plaintiff fails to state *who* did *what* to *whom* and *when*.[25] Here, Mr. Horton provides a nineteen (19) page narrative, referencing "deep staters a.k.a traitors", vaccines and global human trafficking, that fails to connect the named Defendants to any discernable allegations or specific causes of action.[26]

For both these reasons, dismissal of Mr. Horton's complaint is appropriate.[27] The court recognizes, however, that dismissal is proper only "if it is obvious that [a pro se litigant] cannot

---

[21] ECF No. 1; ECF No. 1-5, Civil Cover Sheet.

[22] 28 U.S.C. § 1331; 28 U.S.C. § 1332.

[23] *See Johnson v. Standard Registrar & Transfer,* 2026 U.S. Dist. LEXIS 38713, at *6 (D. Utah Feb. 24, 2026) (it is plaintiff's burden to "establish jurisdiction at all stages of this case".).

[24] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[25] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[26] *See generally* ECF No. 1.

[27] Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[28] Accordingly, the court affords Mr. Horton an opportunity to amend his complaint. Mr. Horton must file an amended complaint that complies with the requirements set forth above on or before August 11, 2026. Failure to do so will result in dismissal of this action.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Horton is ordered to file an amended complaint by August 11, 2026. The words "Amended Complaint" should appear in the caption of the documents.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Horton's failure to file an amended complaint may result in dismissal of this action.

4. Mr. Horton's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[29]

**IT IS SO ORDERED**

DATED this 20th day of July, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[28] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[29] ECF No. 2.